UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------x
*In re*: Application Pursuant to 28 U.S.C. § 1782 of Ildar Uzbekov,

                 Petitioner,

   - to take discovery of -

Endurance International, Inc.,

                 Respondent.
------------------------------------------------------------------x

Case No. 1:19-mc-91251

## APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Ildar Uzbekov respectfully moves for an order pursuant to 28 U.S.C. § 1782 to allow him to issue a subpoena pursuant to Fed. R. Civ. P. 45 directing Endurance International, Inc. ("Endurance") to produce documents for use in a civil action in the United Kingdom (filed in the English High Court on 30 May 2019 with claim number QB-2019-001941) (the "English action"). Specifically, Endurance possesses or very likely possesses information highly relevant to the English action, to wit, the identity of and contact information for the defendant, and web statistics showing the extent to which certain defamatory publications have been distributed to third parties via the internet.

Attached as **Exhibit A** is a proposed subpoena. Mr. Uzbekov's counsel has provided notice of this request to Endurance, including a draft set of document requests substantially identical to the requests set forth in Exhibit A. Endurance has already indicated to Mr. Uzbekov's counsel that it will produce documents in response to a subpoena of the scope set forth in Exhibit

1

A if duly issued. A courtesy copy of this petition will also be sent to Endurance's legal department when it is filed.

In support of this petition, Mr. Uzbekov states as follows:

### The Parties

1. Ildar Uzbekov is a businessman, investor and philanthropist who resides in the United Kingdom.

2. On information and belief, Endurance is a Delaware Corporation with its headquarters at 10 Corporate Drive, Suite 300, Burlington, MA 01803. Endurance and its subsidiaries provide web-related services, including website hosting and domain registration.

3. On information and belief, FastDomain Inc, is a wholly owned subsidiary of Endurance.

### The Rusletter.com Domain and Website

4. Endurance is the Registrant Organization for the domain name <Rusletter.com> (the "<Rusletter.com> domain"). According to WHOIS records, an unknown person or persons registered the <Rusletter.com> domain using Endurance's services on or about September 6, 2016. Declaration of David Kluft ("Kluft Decl.") Ex. 1.

5. Endurance's wholly owned subsidiary, FastDomain Inc., is the Registrar of this domain name. Kluft Decl. Ex. 1.

6. The website to which the <Rusletter.com> domain resolves, www.rusletter.com, is operated by an anonymous person or persons. The only contact information listed on the website is the email address info@rusletter.com. Kluft Decl. Ex. 2.

7. On or about June 5, 2018 and January 16, 2019 respectively, the website published anonymous articles entitled "Ildar Uzbekov can take billions abroad" and "Ildar

Uzbekov masters criminal billions of Alexander Schukin." Among other things, the articles accuse Mr. Uzbekov of criminal money laundering, illegal transfer of large sums across international borders, improper dissemination of trade secrets, and illegal manipulation of the Russian legal system in order to imprison his father-in-law. Kluft Decl. Ex. 4.

8. Mr. Uzbekov denies involvement in illegal activities of any kind, including the accusations published in these articles.

## Mr. Uzbekov's English Defamation Claim

9. The statements in the www.rusletter.com articles about Mr. Uzbekov are false and defamatory under the English common law and section 1 of the Defamation Act 2013. Affidavit of Neil R. Blake ("Blake Aff.") ¶¶ 4-6.

10. The articles are causing or are likely to cause harm to Mr. Uzbekov's reputation and pecuniary interests, including in England where he resides and has business interests. When Mr. Uzbekov's counsel performed a search of "Ildar Uzbekov" at each of Google.co.uk and Google.com, the two defamatory articles were returned as the first two search results in each case. Blake Aff. ¶ 6 & Ex. 4.

11. On October 15 and October 23, 2018 and on January 15 and January 23, 2019, Mr. Uzbekov's English counsel contacted the website through the info@rusletter.com address (being the only contact details provided for the publisher(s) of the <www.rusletter.com> website) to demand the removal of the defamatory articles. The website operators did not respond. Blake Aff. ¶ 4.

12. The Pre-Action Protocol for Defamation under the Civil Procedure Rules of England and Wales ("CPRs") require a letter prior to the filing of a defamation action. Mr.

Uzbekov through English counsel sent such a letter to the info@rusletter.com email address on April 30, 2019. The operators of the site did not respond. Blake Aff. ¶ 5 & Ex. 3.

13. On or about May 30, 2019, Mr. Uzbekov issued a defamation action in the English High Court against the publisher of the www.rusletter.com website. Blake Aff. ¶ 6 & Ex. 1.

14. Mr. Uzbekov has issued the English action against an anonymous defendant or defendants who may be identified using the description "Person(s) Unknown (Publisher of Rusletter.com)," a procedure akin to a 'John Doe' lawsuit in the US courts. Mr Uzbekov seeks discovery of information sufficient to allow him to identify and contact the defendant(s) so as to ensure that his claim may be duly served on them, in accordance with English law. Blake Aff. ¶¶ 7-9.

15. In addition, Mr Uzbekov seeks an order for discovery of web traffic information as evidence of publication, which is an element of the cause of action of libel under English law and which will also be a factor for the English court to take into account in assessing damages. Blake Aff. ¶ 10.

### Mr. Uzbekov's Request for Documents to Endurance

16. Because Endurance is the listed Registrant Organization of the <Rusletter.com> domain, and because its wholly-owned subsidiary is the listed Registrar for the domain, Endurance is likely to be in possession of the foregoing information regarding the <Rusletter.com> domain and the related website.

17. On May 17, 2019, the undersigned counsel sent a letter to Endurance at its Burlington, MA headquarters on behalf of Mr. Uzbekov. The letter requested that Endurance produce documents sufficient to identify the operators of the www.rusletter.com website and the

4

<Rusletter.com> domain, and also documents regarding web traffic at the site. The letter informed Endurance of Mr. Uzbekov's intention to seek to issue a subpoena pursuant 28 U.S.C. § 1782, and provided a draft Schedule A to the subpoena. The letter further offered to discuss the scope of the subpoena with Endurance prior to the filing of the present petition. Kluft Decl. Ex. 4.

18. The same day, May 17, 2019, Janessa Smith of Endurance confirmed receipt of the undersigned counsel's letter and replied by email that "the requested materials are subject to privacy policies and are held in confidence in the absence of a subpoena or other legal process. Of course, we would be happy to comply with any legally binding subpoena, court order, or other legal process requesting this information ... If you would like to discuss the scope of your subpoena, please contact me." Kluft Decl. Ex. 5.

19. Endurance's Privacy Policy, to which its products and services are subject, contains a "Legal Process" section. That section advises its customers that Endurance may "disclose your personal information to courts of law, public authorities …, and other relevant third parties … to conduct an investigation, respond to a third party or law enforcement subpoena or court order [or] to bring legal action." Kluft Decl. Ex. 6. The Privacy Policy lists Endurance's Burlington, MA address as Endurance's contact information for such issues.

20. FastDomain Inc, is a wholly owned subsidiary of Endurance. FastDomain's Privacy Page incorporates and links to the Endurance Privacy Policy, and also lists Endurance's Burlington, MA headquarters as the relevant contact address for queries with respect to the policy. Kluft Decl. ¶ 8 & Ex. 7.

21. On May 22, 2019, the undersigned counsel spoke with Ms. Smith to review the scope of the proposed subpoena and discuss any proposed changes to the scope that Endurance

may offer. Ms. Smith indicated that the Endurance did not have any changes to propose and would produce documents in response to a subpoena of the scope set forth in Exhibit A. Ms. Smith's only request was to ask the undersigned counsel to confirm that the subpoena was not seeking documents uploaded by its customer, such as draft web pages and other content. The undersigned counsel confirmed that the proposed subpoena would not be seeking such content, but rather it would be limited to documents sought by the draft Schedule A, including documents sufficient to identify the customer so he/she/it could be served with legal process in the English action. Kluft Decl. ¶ 9.

### Mr. Uzbekov Satisfies the Requirements of 28 U.S.C. § 1782

22. Title 28 U.S.C. § 1782, entitled, "Assistance to foreign and international tribunals and to litigants before such tribunals," provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

23. The First Circuit has identified four statutory elements that must be satisfied prior to the allowance of a petition pursuant to 28 U.S.C. § 1782: "1) the person from whom discovery is sought 'resides or is found' in the district where the court sits; 2) the request seeks evidence … 'for use in a proceeding in a foreign or international tribunal'; 3) the request is made by a foreign or international tribunal or by 'any interested person'; and 4) the material sought is not protected by 'any legally applicable privilege.'" *In re Schlich,* 893 F. 3d 40, 46 (1st Cir. 2018), *citing, Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004). Mr. Uzbekov's petition satisfies all of these elements.

6

B4996493.3

24. First, Endurance indisputably resides in Burlington, Massachusetts.

25. Second, Mr. Uzbekov's request seeks evidence for use in a foreign tribunal: the English High Court. The English action was issued on 30 May 2019, with claim number QB-2019-001941. Blake Aff. Ex. 1.

26. Third, Mr. Uzbekov, who is the target of the defamatory statements and will be the plaintiff in the English action, is indisputably an "interested person" under the statute. *See In re Republic of Ecuador,* 153 F. Supp. 3d 484 (D. Mass. 2015), *quoting, Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s] who make invoke § 1782").

27. Fourth, the information sought is not subject to any known privilege of United States or English law. Kluft Decl. ¶ 10; Blake Aff. ¶ 11. The request for documents sufficient to identify and contact the potential defendants in the English action seeks no more than the Endurance Privacy Policy has stated in advance will be subject to disclosure in response to a subpoena. The additional request for web traffic statistics, assuming Endurance has such information, is mere business metadata that also does not invoke any known privilege.

28. The Supreme Court jurisprudence regarding § 1782 has also identified four discretionary factors that "bear consideration" in arriving at a decision. *In re Schlich,* 893 F. 3d 40, 46-47 (1st Cir. 2018), *citing, Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004). These factors are (1) whether the person from whom discovery is sought is a party to the foreign proceeding; (2) the nature of the foreign tribunal and the receptivity of the foreign court to the assistance; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions;" and (4) whether the request is "unduly intrusive or burdensome." *Id.* Here, each of the *Intel* factors bears favorably on Mr. Uzekov's request.

29. First, the person from whom discovery is sought likely will not be a party in the foreign proceeding (assuming the discovery does not reveal that the operators of the <Rusletter.com> domain and website are agents of Endurance, which appears highly unlikely based on the information to which Mr. Uzbekov's counsel currently has access). Because Endurance is highly unlikely to appear in the English action, this discretionary factor favors allowance of the petition. *Id.* at 47.

30. Second, the information sought is highly relevant to the English action. *See, id.* at 52 (considering relevancy as part of the second *Intel* discretionary factor). As summarized in the affidavit of Mr. Uzbekov's English counsel, it is important for procedural and evidential reasons. Blake Aff. ¶¶ 7-12. Moreover, as long as it is relevant to a domestic case, English law does not contain any procedural bars on the submission or use of evidence obtained through foreign proceedings. Blake Aff. ¶ 12. In the absence of authoritative proof that the English court would reject his evidence, the second discretionary factor favors granting the petition here, as it has in many other cases involving English courts. *See, e.g., In re PJSC Uralkali,* 2019 U.S. Dist. LEXIS 10968 (W.D. Wash. Jan. 23, 2019) ("The court likewise presumes that the English Court would be receptive to relevant evidence … obtain[ed] through § 1782); *In re Petition for Judicial Assistance,* 2016 U.S. Dist. LEXIS 68379 (D.N.J. May 25, 2016) (identifying a "presumption in favor of foreign tribunal receptivity" and granting § 1782 petition seeking evidence for use in English civil court), *citing, Euromepa S.A. v. R. Esmerian, Inc.,* 51 F. 3d 1095, 1099-1100 (2d Cir. 1995); *see also Ecuadorian Plaintiffs v. Chevron Corp.,* 619 F. 3d 373, 378 (5th Cir. 2010) (Court should only determine that foreign court would be non-receptive on a showing of "authoritative proof" that the foreign tribunal would reject the evidence).

31. Third, the request is not an attempt to circumvent foreign proof-gathering restrictions. On the contrary, this is a request to assist proof-gathering in the English action. The English courts have expressly indicated that parties to English court proceedings may rely on Section 1782 applications as a valid means of obtaining evidence. Blake Aff. ¶¶ 12-13.

32. Fourth, Endurance will not be unduly burdened by an order allowing Mr. Uzbekov to issue the subpoena. The information sought is modest in scope and proportionate to the needs of the English action. For example, Mr. Uzbekov has not requested all documents regarding the operators of the <Rusletter.com> domain and website, but only documents sufficient to identify those operators and their contact information. Endurance has already indicated its willingness to comply with a legally binding subpoena and its lack of concern over the scope of the subpoena set forth in Exhibit A. Neither will there be any undue burden on the anonymous operators of the <Rusletter.com> domain and website, because they voluntarily entered into service contracts with Endurance that were governed by Endurance's Privacy Policy, which notifies its customers of its intention to provide such information in response to duly authorized subpoenas.

WHEREFORE, Mr. Uzbekov respectfully prays that this Court enter an order:

A. Granting Mr. Uzbekov's application for discovery from Endurance pursuant to 28 U.S.C. § 1782;

B. Authorizing Mr. Uzbekov, through counsel, to issue to Respondent pursuant to Fed. R. Civ. P. 45, the subpoena set forth in proposed form in Exhibit A hereto.

Dated: June 4, 2019

Respectfully submitted,

ILDAR UZBEKOV

By his attorneys,

/s/ David A. Kluft
David Kluft (BBO # 658970)
David Geiger (BBO # 188120)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000
dkluft@foleyhoag.com

B4996493.3